**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**v.**                                          **CRIMINAL ACTION NO. 4:06CR-46-M**

**SARA DENISE RENEGER**                                                   **DEFENDANT**

**MEMORANDUM & ORDER**

This matter is before the Court on Defendant Sara Denise Reneger's motion for discovery, plea agreement and sentencing transcript (DN 29) and motion to proceed *in forma pauperis* (DN 30). Those requests will be addressed below.

**(1) Motion for discovery, plea agreement, and sentencing transcript.** Defendant advises that she will be filing a motion to vacate pursuant to 28 U.S.C. § 2255 by May 18, 2008, "and has specific allegations sufficient for the Court to determine that her Motion is nonfrivolous and the above requested documents are needed to decide and prove the issues to be raised in the Motion."

It is unclear what "discovery" Defendant is seeking. However, it is clear that she has not demonstrated this Court's authority for granting her blanket request for "discovery." Upon filing her § 2255 motion, she may make a discovery request for the Court's consideration. *See* Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255; *United States v. Okai*, No. 96-3222, 1996 WL 549804, at *1 (6th Cir. Sept. 25, 1996) ("The district court properly noted that Okai must file an antecedent action of some kind (presumably a § 2255 motion to vacate) in order to take advantage of the discovery provisions provided therein.").

As to Defendant's request for her plea agreement, there was no written agreement in her criminal action. Rather, Defendant made an open plea agreement during her change-of-plea hearing. Should Defendant desire a copy of the change-of-plea hearing transcript, the Court will address that request with Defendant's request for sentencing transcript.

As to Defendant's request for transcripts, a defendant must show that the transcripts are "reasonably necessary to present an effective defense [in a] subsequent proceeding." *United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978). Here, Defendant reports that she will be filing a § 2255 motion in May 2008. As a general rule, however, "federal prisoners are not entitled to obtain a transcript of testimony . . . at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending." *Corrigan v. Thoms*, 55 Fed. Appx. 754, 756 (6th Cir. 2003) (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963) (per curiam)). The Court, nonetheless, notes that Defendant fails to demonstrate that the transcripts are necessary at this time, as she reports that she already "has specific allegations sufficient for the Court to determine that her Motion is nonfrivolous" but needs the transcripts only as proof. **IT IS THUS ORDERED** that the motion for transcripts without cost (DN 29) is **DENIED**. Since Defendant needs the transcripts for evidentiary purposes, she may always file a motion for transcripts without cost at the time she files her § 2255 motion.

      **(2) Motion to proceed** *in forma pauperis***.**  Defendant reports that her motion to proceed *in forma pauperis* was prepared to establish her indigency in support of the foregoing motion. As the foregoing motion has been denied, **IT IS ORDERED** that Defendant's motion to proceed *in forma pauperis* (DN 30) is **DENIED as moot**.

Date:

cc:    Defendant, *pro se*
        Counsel of Record
4414.005